UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JEFFREY L. COLE** | **CIVIL ACTION NO. 11-00040** |
| **VERSUS** | **JUDGE DOHERTY** |
| **SHERIFFS OFFICE OF LAFAYETTE PARISH** | **MAGISTRATE JUDGE HANNA** |

*REPORT AND RECOMMENDATION*
*AND ORDER*

Before the undersigned magistrate judge is pro se prisoner Jeffrey L. Cole's Complaint under 42 U.S.C. § 1983. Also pending is a motion for appointment of counsel (Rec. Doc. 2), as well as a motion in letter form to have a filing fee paid in a previous case applied to this case.[1] (Rec. Doc. 4).

For the reasons given below, the undersigned grants petitioner *in forma pauperis* status, denies the letter motion and the motion for appointment of counsel, and recommends dismissal of the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(I). In addition, the undersigned recommends plaintiff not be allowed to file any further actions *in forma pauperis* while incarcerated pursuant to 28 U.S.C. §1915(g) and not be allowed to file any further actions in this court, whether incarcerated or filing *in forma*

---

[1] Civil Action No. 10-00109. Petitioner was granted *in forma pauperis* status, but an initial partial filing fee of $60.20 and payments of 20 percent of his income in prison for the each month was ordered to be paid until the filing fee of $350.00 was paid in full. The fee was paid in full on October 20, 2010.

1

*pauperis* or not, without written permission of a district or magistrate judge of this court.

I.      ***In Forma Pauperis Status and Motion to Apply Filing Fee Paid in Prior Case***

Petitioner did not submit a filing fee or an application to proceed *in forma pauperis* with his Complaint. Therefore, on January 18, 2011, the undersigned issued a Memorandum Order ordering Cole to either pay the $350.00 filing fee or to submit a completed *in forma pauperis* application within 30 days. Cole submitted an Affidavit to Proceed In Forma Pauperis.[2] (Rec. Doc. 5). The undersigned notes Cole has been granted *in forma pauperis* status on three previous occasions in this court.[3] Accordingly, the undersigned grants plaintiff *in forma pauperis* status.

Because plaintiff has been granted *in forma pauperis* status, the undersigned is required to review the complaint under 28 U.S.C. § 1915(e)(2). After reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the undersigned finds it should be dismissed as frivolous.

II.     ***Complaint and Review Under 28 U.S.C. § 1915(e)(2)***

*A. Background*

---

[2] The application was not signed or completed by an accounts officer. Another Memorandum Order was issued to petitioner that he must submit an application signed and completed by an accounts officer. On February 18, 2011, Cole filed into the record an Administrative Remedy Procedure form dated February 2, 2011, wherein he requested the accounts officer to sign and return the necessary forms. These forms have not been received.

[3] See Civil Action Nos. 05-01138, 06-01998, and 10-00109.

Petitioner filed his complaint on January 12, 2011 while imprisoned, alleging that he was arrested by the Sheriff after an altercation at the City Club. The date of the arrest is not clear, but it apparently stemmed from a charge of domestic abuse battery on August 21, 2010.[4] It is unclear which of his civil rights Cole complains were violated, but in the Statement of Claim section of the form, he states as follows:

> I got into an altercation at the City Club. And the Sheriff [arrested] me even before I turn myself in the sheriff or the District Court put a bond on me. Yet my [misdemeanor] charge was a small city offence I feel [paranoid] in return I feel violated again. The medical staff is [quick] to harass me and I'm forced to stay in a cell for years with no serious offence.[5]

In the section of the form for the relief requested, he simply wrote "Negoshiable" [sic].[6]

Attached to the complaint form was a hand-written four page narrative entitled "Jeffrey Cole Last Plea" addressed "To this great and wonderful Judge" from "I am Jeffrey Cole LORD of this world." The complaint is not intelligible. Some representative excerpts follow:

> My main purpose is to express that you've violated my right as to say it was wrong. My lack of [valid] payment seems to be my [concern].
>
> I come to you now in the name of my father. Yahweh to give you an [opportunity] to do the right thing.

---

[4]See Rec. Doc. 8, p. 5.

[5]*Complaint* (Rec. Doc. 1), p. 3.

[6]*Complaint* (Rec. Doc. 1), p. 4.

3

> [You] see my original 03 complaint which was just was denied as I
> [continued] in ignorance I seem to have defeated the purpose so the poor
> have no rites [sic] and this nation look around has been destroyed.  Some
> would say the importance of a 3 million $ claim would attract them.  Yet I
> suffered on account of unjustice.
> * * *
> Being born of god.  I Loved the people [whom] violated me.  Yet my court
> [appearances] caused [destruction].  Yet seems now to have become natural.
> Which is such a grief to me.
> * * *
> You've spent 10 times what I asked if not more as the money goes from the
> rich to the poor.  There is a answer.  A leader who can [communicate] with
> GOD I am He I can [intercede] for you.  And confess your repentance
> wouldn't that be just wonderful if the wrath [stopped].
> * * *
> No hurricanes no tornados no oil in the water.  No spirits of disobedience
> your repentance can bring all these good things to pass.  I don't have to fill
> out no more [forms].  I just have to [believe] you [heard].
> * * *
> Please realise Jeff [ain't] playing nor is God for this matter.  Yet there is a
> solution one that must be met.  That one is something agreed upon worthy
> of repentance.[7]

Plaintiff has filed three other pro se complaints in this court, all while incarcerated. In the first complaint, filed in 2005, Cole sued the Lafayette Parish Correctional Center, the Lafayette Parish Sheriff's Office, and the Federal Marshal's Office making delusional accusations that he ". . .beli[e]ve[s] that someone paid a mob leader of the Texas Sindate Mob to kill [him]. . ." because ". . . he told on a group of [lawyers] to a lawyer. . . ."[8] Cole was granted *in forma pauperis* status in this action and was ordered to pay the filing fee of $ 250.00 by monthly payments of 20% of his income.  Cole eventually paid $ 45,

---

[7]*Complaint* (Rec. Doc. 1), p. 5, 8.

[8]See *Report and Recommendation* (Rec. Doc. 4), in Civil Action No. 05-01138.

but a balance of $205.00 remains owed.[9] This action was dismissed as frivolous.[10]

In 2006, Cole filed a petition for a writ of habeas corpus. In that action, Cole "submitted a rambling 13-page hand-written document which quoted scripture. . . ."[11] It was also noted "[t]he document is extremely difficult to decipher; however, at some point in the discourse petitioner wrote in large letters, "CASE CLOSED," then provided the lyrics to a Kenny Rogers song."[12] Cole included in the habeas petition several claims unrelated to his habeas claims. The court noted as follows:

> As shown above, petitioner raised claims in his original hand-written pleadings which are clearly unrelated to his *habeas corpus* claims. It does not appear that these allegations - allegations concerning his cell-mate, allegations concerning the LPCC substance abuse counselors, allegations concerning the toothpaste provided at LPCC, allegations concerning the 2003 murder conspiracy, and those unspecified claims petitioner is presently litigating in the Fifteenth Judicial District Court - would necessarily support any claim for relief under 28 U.S.C. § 1983. Nevertheless, should petitioner wish to litigate these claims, he is directed to raise them in a separate complaint and to utilize the forms provided for §1983 complaints in this district.[13]

Cole never raised these claims in a separate §1983 complaint. The habeas petition

---

[9] See Docket Sheet in Civil Action number 05-cv-01138.

[10] See *Judgment* (Rec. Doc. 6), in Civil Action No. 05-01138.

[11] See *Report and Recommendation* (Rec. Doc. 10) in Civil Action No. 06-cv-01998.

[12] *Id.*, FN 1.

[13] *Id.*, FN 3.

was dismissed for failure to exhaust state remedies.[14]

In 2010, Cole again filed a pro se *in forma pauperis* complaint alleging civil rights violations under 42 U.S.C. § 1983. Several excerpts from his "virtually indecipherable" complaint are included in the Report and Recommendation issued,[15] but one is repeated below as an exemplar:

> I started back in 2003. I filed ARP's and writ [habeas corpus] in state court. Then [continued] in 04. I had an enemy who was in the court house. Now I [believe] as a result of that a chain reaction of things began to take place. For 1, my mental spiritual delusions 2, [hallucinations] of Jesus, [Mary] aliens dragons, fruit trees [etc] began to take place. I actually [believed] I had something to do with biblical evidence of the wrath of God. Which caused a number of people to misunderstand me.
>
> Now I [believe] its Gods will for me to reenter this complaint into Federal Court. So as to get direction [guidance] and [compromise]. I receive Social Security disability. I've been in [and] out of mental hearings. [Believing] I was part of the God head crowed King in a free world. [Disillusions].[16]

This case was dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(b)(I) and § 1915A(b)(1).[17]

### B. Applicable law and Discussion

Section 1915(e)(2)(B) requires a district court to dismiss an *in forma pauperis* suit

---

[14] See *Judgment* (Rec. Doc. 12) in Civil Action No. 06-cv-01998.

[15] See *Report and Recommendation* (Rec. Doc. 11), in Civil Action No. 10-00109.

[16] See *Report and Recommendation* (Rec. Doc. 11), p. 2, in Civil Action No. 10-cv-00109.

[17] See *Judgment* (Rec. Doc. 13) in Civil Action No. 10-cv-00109.

6

if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). An action is frivolous if it lacks an arguable basis either in law (i.e. it is based on an undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). Pro se complaints are liberally construed in favor of the plaintiff, but district courts are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

    The facts of plaintiff's claims are, as in previous litigation, virtually indecipherable. He mentions the words paranoid, schizophrenia, and paranoid schizophrenia in several of his pleadings.[18] In any case, to the extent any facts are alleged, they are clearly baseless and frivolous. Moreover, plaintiff's complaint lacks any arguable basis in law. Plaintiff has sued the Sheriff's Office of the Parish of Lafayette. In Louisiana, Sheriff's Offices are not legal entities capable of being sued. Ruggiero v. Litchfield, 700 F.Supp. 863, 865 (M.D.La. 1988). Therefore, plaintiff's suit against a non-juridical entity is frivolous.

---

[18] See *Motion to Dismissed* [sic] (Rec. Doc. 11), p. 2, in Civil Action No. 06-cv-01998; *Complaint* (Rec. Doc. 1) in the present action, 11-cv-00040, p. 3, 6.

If this recommendation is adopted and plaintiff's petition is dismissed as frivolous, this will be the third petition filed by Cole while incarcerated dismissed as frivolous. Prisoners who bring repetitive frivolous lawsuit are prevented from continued filings by 28 U.S.C. § 1915(g), which reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Therefore, it is recommended that pursuant to 28 U.S.C. § 1915(g), Cole be barred from filing any future proceeding in this court *in forma pauperis* while incarcerated, unless he is under imminent danger of serious physical injury.

Moreover, the undersigned finds Cole's history of filing frivolous lawsuits merits the imposition of sanctions under the court's inherent power "to protect the efficient and orderly administration of justice[.]" In re Stone, 986 F.2d 898, 902 (5th Cir.1993). The Fifth Circuit has made clear that a "broad [ ] injunction, prohibiting any filings in any federal court without leave of that court" may be appropriate. Id.  Cole has filed several actions in this court that consist of incoherent pleadings, meritless and delusional allegations, and unclear requests for relief.  The undersigned also notes an increasingly hostile tone in the pleadings and other submissions.[19]  Finally, there still remains an

---

[19] See *Letter* (Rec. Doc. 8).

unpaid balance on the 2005 claim assigned to the Honorable Judge Melancon that petitioner has refused to pay even as he filed three more complaints seeking *in forma pauperis* status. There is no basis to allot the filing fee from his last claim to that balance or to the filing fee for this case. Therefore, the undersigned recommends that no further filings be allowed in this court unless and until the outstanding balances are paid in full, and further, that no filings be allowed without prior written approval of either a magistrate or district judge, whether Cole is incarcerated or asks for *in forma pauperis* status or not.

### III.    *Appointment of Counsel*

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 1983. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." Robbins v. Maggio, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See* Ulmer v. Chancellor, 691 F.2d. 209, 212 (5th Cir. 1982); Jackson v. Cain, 864 F.2d. 1235, 1242 (5th Cir. 1989).

No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in

determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See* Parker v. Carpenter, 978 F.2d. 190 (5th Cir. 1992) citing Murphy v. Kellar, 950 F.2d. at 293, n.14; *see also* Ulmer, 691 F.2d. at 213 and Jackson, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on her own behalf. *See* Jackson, 864 F.2d. at 1242; Ulmer, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

In his motion for appointment of counsel, Cole states he has not talked to any attorney about handling his claim. More importantly, as the undersigned is recommending Cole's complaint be dismissed after initial review as frivolous, the appointment of counsel will not likely benefit Cole, the court or the defendant and will unnecessarily increase the costs and prolong this frivolous litigation. Therefore, the undersigned will deny Cole's motion for appointment of counsel.

## IV.    *Conclusion, Orders, and Recommendations*

For the reasons given above,

**IT IS ORDERED** as follows:

1) petitioner Jeffrey L. Cole is given *in forma pauperis* status, however, he is **ORDERED** to pay the filing fee of $350.00;

2) the motion in letter form to have a filing fee paid in a previous case applied to this case (Rec. Doc. 4) is **DENIED;**

3) the Motion for Appointment of Counsel Under Section 706(f) of Civil Rights Act of 1964 is **DENIED**.

**IT IS RECOMMENDED** by the undersigned magistrate judge that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER RECOMMENDED** that pursuant to 28 U.S.C. § 1915(g), Jeffrey L. Cole be barred from filing any future proceedings in this Court *in forma pauperis* while incarcerated, unless he is under imminent danger of serious physical injury.

**IT IS FURTHER RECOMMENDED** that Jeffrey L. Cole is barred from filing any future civil actions in any court in the Western District of Louisiana, whether *in forma pauperis* or not, until the outstanding filing fees have been paid in full, and he has prior written approval of either a magistrate or district judge of this Court.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be directed to notify the Court if Jeffrey L. Cole attempts to file any documents without prior written Court approval.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Lafayette, Louisiana, this 5th day of April, 2011.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)